IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DIANA DILKS                                                                                    PLAINTIFF

v.                          Civil No. 12-2181

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Diana Dilks, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I. **Procedural Background:**

Plaintiff filed her applications for DIB and SSI on April 1, 2009[2], alleging a disability an amended onset date of April 1, 2009[3], due to severe pain in her lower back, arms, hips, knees, and lower legs; numbness in her toes; and, depression. . Tr. 114-121, 137-138. Her applications

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]Plaintiff had also filed applications for benefits that were denied in 2004 and 2008, but those applications are not at issue in the present case.

[3]At the hearing, Plaintiff amended her onset date from February 10, 2008, due to earnings records indicating that she earned four quarters of coverage in 2008 with 2008 being her highest level of annual earnings. Tr. 122.

were initially denied and that denial was upheld upon reconsideration. Tr. 58-77. An administrative hearing was held on September 13, 2009. Tr. 12.

At that time, Plaintiff was 40 years old and possessed a high school education and a year and a half of college course work. Tr. 30-31. She had past relevant work ("PRW") experience a small business owner, crew member/cashier, retail apparel supervisor, and retail sales clerk/key holder. Tr. 154, 171-178, 158-167.

On November 16, 2010, the ALJ found that Plaintiff's degenerative disk disease ("DDD") of the lumbar spine, fibromyalgia, obesity, mood disorder not otherwise specified, and alcohol dependence were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 13-15. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work

> except she is limited to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling and is further limited to work where interpersonal contact is routine but superficial, the complexity of the tasks is learned by experience with several variables and use of judgment within limits, and the supervision required is little for routine work but detailed for non-routine work.

Tr. 15. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a merchandise price checker, cleaner/housekeeper/maid, and routing clerk/package mail sorter. Tr. 19.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 13, 2012. Tr. 1-6. Subsequently, she filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 13.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

3

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of

4

treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the evidence reveals that Plaintiff suffers from an impairment of her lumbar spine and pain in her hips and knees. In March 2008, an MRI of her lumbar spine revealed a bulge with a central to left paramedian disc protrusion, mild-to-moderate central stenosis at the L4-5 level with lateral recess narrowing and foraminal narrowing, and a bulge with central protrusion and mild stenosis at the L5-S1 level with associated mild-to-moderate foraminal narrowing bilaterally. Tr. 232-233, 318-319. A July 2008 physical exam showed a decreased range of motion in her lumbar spine. Tr. 301-308, 328-331, 446-449. In October 2009, Dr. Thomas Hart noted mild to moderate diffuse tenderness in her back with more pain on extension and rotation than on flexion. Tr. 413-416. And, Dr. James Carter's physical examination in March 2010 revealed continued range of motion deficits in her back. Tr. 453-454, 503-504, 550-551.

It is true that Plaintiff was not believed to be a candidate for surgical intervention. However, physical therapy aggravated her condition, and epidural steroid injections failed to alleviate her pain. Tr, 254. In February 2011, Dr. Stanley Teeter prescribed Meloxicam. Tr. 517,

5

555. This was apparently not helpful, and ultimately, a doctor at the River Valley Christian Center prescribed Hydrocodone in August 2011. Tr. 549. A TENS unit was also prescribed. And, while the combination of the medications and the TENS unit did result in a decrease in her pain level, Plaintiff continued to experience problems standing for long periods of time.

Additionally, x-rays of Plaintiff's knees conducted in 2009 showed medial compartment narrowing. Tr. 307, 357. And, examinations by Jasen Chi in June and September 2009 revealed moderate crepitus in the knees with mild effusion on her left knee. Tr. 354-356, 402-406. In October 2009, Dr. Hart noted that Plaintiff walked with a slow gait. Tr. 413-416. In December 2009, Dr. Chi also noted tenderness on palpation of both hips, suggestive of trochanteric bursitis. Tr. 398-401. Plaintiff was ultimately diagnosed with fibromyalgia like pain, as she exhibited 4 out of the 18 tender points necessary for a fibromyalgia diagnosis, DDD versus facet arthritis, chronic pain, and symptoms suggestive of an impingement in her cervical spine versus carpal tunnel syndrome complaints of numbness and tingling in her fingers. Tr. 354-356, 398-406, 453-454, 503-504, 547-551.

Utilizing only the RFC assessment of a non-examining physician, the ALJ concluded Plaintiff could perform light work. *See Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003) (the opinions of doctors who have not examined the claimant do not constitute substantial evidence on the record as a whole). "Light work", however, requires that a claimant be capable of standing or walking for a total of six hours out of an eight-hour work day. *See* Social Security Ruling 83–10. We believe the above enumerated evidence calls into question Plaintiff's ability to do so. In fact, she attempted to work at K-Mart for approximately one month in early 2010,

6

but was unable to maintain employment due to her inability to stand as required by the job. Tr. 541, 543

Accordingly, without the assessment of a treating physician to indicate Plaintiff can perform the standing and walking requirements of light work, we can not say that substantial evidence supports the ALJ's RFC determination in this regard.  *See Lewis,* 353 F.3d at 646; *see also Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (if a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record).  Remand is necessary to allow the ALJ to obtain RFC assessments from Plaintiff's treating physicians.

**V.**     **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of August 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)